

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

January 5, 2001

The Honorable Bill R. Turner
Brazos County District Attorney
300 East 26th Street, Suite 310
Bryan, Texas 77803

Opinion No. JC-0327

Re: Whether the board of the Bryan-College Station Economic Development Corporation is subject to the Open Meetings Act (RQ-0274-JC)

Dear Mr. Turner:

You ask whether the board of the Bryan-College Station Economic Development Corporation ("EDC") is subject to the Open Meetings Act. We conclude that it is not.

You have submitted the EDC's Articles of Incorporation and Bylaws with your request.[1] It appears from these documents that the EDC is a nonprofit corporation organized under the Texas Non-Profit Corporation Act to coordinate the economic development of the cities of Bryan and College Station as well as Brazos County. The EDC is not incorporated under the Development Corporation Act of 1979, TEX. REV. CIV. STAT. ANN. art. 5190.6 (Vernon Supp. 2000). The twelve members of the EDC board are appointed by the Bryan and College Station city councils, the commissioners court of Brazos County, the Brazos County Industrial Foundation, and the Bryan/College Station Chamber of Commerce. The board must include a member of each city council and the commissioners court. The two cities and the county provide funding for the EDC in exchange for the EDC's services in marketing and promoting the cities and county according to two contractual agreements entitled "Agreement Between the City of Bryan, City of College Station, and the Bryan/College Station Economic Development Corporation" and "Agreement Between Brazos County and the Bryan/College Station Economic Development Corporation."[2] We address only whether the EDC board is subject to the Open Meetings Act; we do not address whether the cities and county are authorized to participate in and contract with the EDC.

The Open Meetings Act, TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2000), applies only to a "governmental body." For purposes of the Act, the term "governmental body" means:

> (A) a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members;

---

[1]Letter from Honorable Bill R. Turner, Brazos County District Attorney, to Honorable John Cornyn, Texas Attorney General (Aug. 23, 2000) (on file with Opinion Committee) (attachments).

[2]See id.

(B)   *a county commissioners court* in the state;

(C)   *a municipal governing body* in the state;

(D)   a deliberative body that has rulemaking or quasi-judicial power and that is classified as *a department, agency, or political subdivision of a county or municipality*;

(E)   a school district board of trustees;

(F)   a county board of school trustees;

(G)   a county board of education;

(H)   *the governing board of a special district created by law*; and

(I)   a nonprofit corporation organized under Chapter 67, Water Code, that provides a water supply or wastewater service, or both, and is exempt from ad valorem taxation under Section 11.30, Tax Code.

*Id.* § 551.001(3) (Vernon Supp. 2000) (emphasis added). We have highlighted the most relevant items but, for the following reasons, conclude that none apply and that the EDC board is not a governmental body subject to the Act.

Because the EDC board's membership includes only one member of each of the two city councils and the county commissioners court, it is not a governmental body within the meaning of either subsection (B) or (C). *See* Tex. Att'y Gen. LO-96-113, at 1 ("The inclusion of one city council member on the [Chamber of Commerce] committee does not transform the body into a governmental body."). Furthermore, the EDC performs services for the cities and the county pursuant to a contract. Its board is not a deliberative body that has rule-making or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality. It does not appear that the county or either city has delegated rule-making or quasi-judicial power to the EDC. Thus, the EDC board is not a governmental body within the meaning of subsection (D). *See id.; see also* Tex. Att'y Gen. LO-93-55 (concluding that entities that contracted with city to provide economic development services and had not been delegated rule-making or quasi-judicial power were not governmental bodies within meaning of statutory predecessor to subsection (D)). Finally, because it was organized by its incorporators under the Texas Non-Profit Corporation Act and not "created by law," the EDC is not a special district within the meaning of subsection (H). *See* Tex. Att'y Gen. LO-94-090 (concluding that Moore County Development, Inc., a nonprofit corporation organized under Texas Non-Profit Corporation Act, was not a special district within meaning of Open Meetings Act); *see also* Tex. Att'y Gen. LO-93-55,

at 3 (noting that although specific statutes authorized city to contract with private entity to administer economic development program, entity was not created "by law").

Although a nonprofit corporation's articles of incorporation or bylaws may require adherence to the Open Meetings Act, none of the documents submitted with your request requires the EDC board to comply with the Open Meetings Act. Nor does the Texas Non-Profit Corporation Act contain such a requirement. *See* TEX. REV. CIV. STAT. ANN. arts. 1396-2.09 (Vernon 1997) ("The by-laws may contain any provisions for the regulation and management of the affairs of the corporation not inconsistent with law or the articles of incorporation."); 1396-2.10 ("Meetings of members shall be held at such place, either within or without this State, as may be provided in the by-laws."). Furthermore, the EDC does not appear to be an economic development corporation created under the Development Corporation Act of 1979 and subject to the Open Meetings Act by virtue of that statute. *Compare* Tex. Att'y Gen. LO-96-104 (concluding that the board of directors of Beeville-Bee County Redevelopment Authority Corporation was subject to the Open Meetings Act by virtue of section 11(b) of the Development Corporation Act of 1979, article 5190.6 of the Revised Civil Statutes).

Accordingly, we conclude that the EDC board is not subject to the Open Meetings Act.

## S U M M A R Y

The board of the Bryan-College Station Economic Development Corporation is not subject to the Open Meetings Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee